NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 17, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 21-3008

| | |
|---|---|
| JAMES MUNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:11-CV-159-MAB |
| | |
| JAMES KELLER, et al., | Mark A. Beatty, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

James Munson, an Illinois prisoner and practicing Buddhist, appeals the summary judgment against his claims asserting that a soy-based diet was harmful to his health, in violation of the Eighth Amendment, and restricted his religious practice, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000. 42 U.S.C. §§ 2000cc to 2000cc-5. The district court concluded that no

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

reasonable jury could find that Munson's treatment fell below constitutional standards or that the prison officials violated his religious-practice rights. We affirm.

We recount the facts in the light most favorable to Munson, the non-moving party. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020). Munson experienced gastrointestinal problems that he believed were caused by soy in the prison's vegetarian meals, which he ate for religious reasons. Munson stated in his deposition that he related this concern about soy to the doctor defendants. The doctors repeatedly examined him and saw no symptoms consistent with a soy allergy, relying on several tests that would have revealed one if it existed. They did not order an allergy test or soy-free vegetarian diet. They believed that Munson's gastrointestinal problems were caused by his pre-existing gastrointestinal conditions—gallstones, peptic ulcer disease, and H. pylori bacteria—or other prescribed medications that had gastrointestinal problems as a common side effect. They prescribed him numerous medications, referred him to an outside gastrointestinal specialist and an outside surgeon to remove his gallbladder, and ordered many diagnostic procedures.

Munson then brought this suit against prison doctors and officials. The court initially granted the defendants' summary judgment motions, but we vacated the judgment based on the district court's erroneous decision to stay discovery pending the outcome of a similar case being adjudicated in the Central District of Illinois. *Munson v. Butler*, 776 F. App'x 339 (7th Cir. 2019). We remanded the case to allow Munson to conduct discovery and more fully address the merits of the summary judgment motions. Munson, through recruited counsel, then amended his complaint to add a First Amendment claim. After several months of discovery, the district court again entered summary judgment for the defendants, concluding that Munson had not introduced sufficient evidence for a reasonable jury to find that the doctors impermissibly ignored or delayed his treatment or that the prison officials violated his religious-practice rights.

On appeal, Munson has not meaningfully developed the arguments in his brief, *see* FED. R. APP. P. § 28(a)(8), but we touch upon two arguments we can discern. First, Munson argues that the district court overlooked key evidence—his deposition, in which he asserts that he informed the doctors of his concern about soy, as well as a nurse's notations in his medical records stating her intent to discuss this concern with one of the doctors—that, he maintains, supports an inference that the doctors knew that soy caused his ailments. But the district court directly addressed this evidence when it noted the testimony from all the doctors opining that Munson's symptoms were inconsistent with a soy allergy. As the court explained, the doctors evaluated Munson's

gastrointestinal complaints, prescribed him numerous medications and diagnostic tests in response to these complaints, and referred him to outside specialists. Based on the evidence in the record, no reasonable jury could conclude that the doctors disregarded a serious risk to Munson's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Second, Munson argues that his doctors substantially deviated from professional standards by not testing him for a soy allergy or ordering a soy-free diet. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021). But to support this theory, Munson must point to evidence that no minimally competent doctors would have made the same treatment decisions as the defendants in this case. *Id.* The only evidence he cites is a note from a nonparty doctor, reporting Munson's belief that decreasing soy helped alleviate his gastrointestinal problems. But the opinions of Munson, who is not a specialist, are not sufficient evidence for a jury to find that the doctors deviated from professional standards.

We have considered Munson's remaining arguments, and none has merit.

AFFIRMED